James Dunn, Plaintiff, *v.* Erie Basin Terminal Warehouse Co., Inc., et al., Defendants.

Supreme Court, Special Term, Kings County, May 11, 1962.

*Sidney Scheffman* for plaintiff. *Lawless & Lynch* for Erie Basin Terminal Warehouse Co., Inc., defendant. *George J. Conway* for American Stevedores, Inc., defendant.

BENJAMIN BRENNER, J. Application for a preference upon the filing of a note of issue.

Plaintiff has not complied with the provisions of the Special Rule for Preferences under article III of the Special Readiness Rule of the Appellate Division, Second Department. The notice that plaintiff will be available for a physical examination on April 16, 1962 is dated April 4, 1962 and, as the date fixed for the examination is less than 30 days after service of the notice, it is not in compliance with section 1 of article II of the Special Readiness Rule for the exchange of medical information. In addition, it appears that one of the defendants has had a physical examination of the plaintiff but that a copy of the examining physician's report has not been furnished to the plaintiff, which may require preclusion of all medical evidence by the defendant. (See *Mack* v. *842 Myrtle Ave. Realty Corp.*, 34 Misc 2d 177.) Plaintiff has failed, however, to submit a copy of the notice with proof of service upon the defendant, demanding a copy of said report, and a statement that more than 20 days have elapsed since the examination, and that such report has not been furnished. Further, Erie Basin Terminal Warehouse Co., Inc., one of the defendants, states that it has not received the authorization to inspect plaintiff's hospital records, nor the notice of availability for a physical examination, and for that reason no response was made thereto.

The attention of the members of the Bar is directed to the necessity of familiarizing themselves with the requirements of the special rule before filing for preference applications. Quite a number of such applications have been denied by me because of noncompliance with the special rule. While the rule permits the making of a preference application on the filing of the note of issue, prior to and without filing the statement of readiness, and prior to examinations before trial, it is essential to supply the documents therein referred to.

The requisite preliminary proceedings not having been completed, the application for a preference under article III of the Special Readiness Rule and the further motion for rule 151 preference (Rules Civ. Prac.) are both denied without prejudice to renewal upon proper papers.